**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV352-3-W
(3:02CR150-5-D)**

| | | |
|---|---|---|
| **KEITH ELLIOT BYRD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion for Reconsideration and/or Motion to Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure" filed January 16, 2007 (Document No. 14.) For the reasons stated herein, Petitioner's Motion for Reconsideration is dismissed.

## 1. FACTUAL AND PROCEDURAL BACKGROUND

A review of the record reveals that Petitioner and four other individuals were indicted on May 7, 2002 for conspiracy to possess with intent to distribute fifty grams or more of cocaine base and five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841 (count One)[1] and importing five kilograms or more of cocaine into the United States from Jamaica in violation of 21 U.S.C. §§ 952 and 960 (Count Two).[2] Petitioner proceeded to trial before the Honorable Adrian

---

[1] Title 21 U.S.C. § 841(b)(1)(B) requires a five-year statutory minimum term of imprisonment for the offense charged in Count One.

[2] Title 21 U.S.C. § 960(b)(a)(B) requires a five-year statutory minimum term of imprisonment for the offense charged in Count Two.

1

Duplantier[3] on May 19, 2003. On May 21, 2003 the jury found Petitioner guilty of conspiracy to possess with intent to distribute at least 500 grams but less than five kilograms of cocaine and guilty of importing at least 500 grams but less than five kilograms of cocaine into the United States from Jamaica. On March 9, 2004 Judge Duplantier sentenced Petitioner to 78 months in prison for each count, each sentence to run concurrently.[4] Petitioner filed a notice of appeal on March 10, 2004. On appeal, Petitioner challenged the district court's interrogation of witnesses at trial. Finding no error, the Fourth Circuit affirmed the judgment of the district court in an unpublished opinion on December 6, 2004. See United States v. Byrd, No 04-0267, slip op. At 3 (4th Cir. Dec. 6, 2004). Petitioner then filed a petition for writ of certiorari in the United States Supreme Court, which was granted. The judgment of the Fourth Circuit Court of Appeals was vacated in light of the decision in United States v. Booker, 543 U.S. 220 (2005), and remanded to the Fourth Circuit for further proceedings. See Byrd v. United States, 544 U.S. 971 (April 18, 2005) (No. 04-8986). On remand, the Fourth Circuit held that Petitioner was not entitled to resentencing and affirmed Petitioner's sentence and reinstated the appellate court's prior opinion affirming Petitioner's conviction and sentence. See United States v. Byrd, No. 04-4267, slip op. At 3-4 (4th Cir. Jan. 6, 2006).

---

[3] Senior District Judge, United States Eastern District of Louisiana, visiting judge for this trial.

[4] Counts One and Two were grouped for guideline calculation purposes. Petitioner was accountable for at least three kilograms of cocaine; therefore pursuant to U.S.S.G. § 2D1.1 his base offense level was 28. Petitioner had a criminal history category of I which generated a range of imprisonment of 78 - 97 months. The Court notes that the probation officer also recommended that Petitioner's base offense level be increased by two levels for his role as an organizer or leader which would have generated a range or imprisonment of 97-121 months. However, at sentencing the Court found that relative to the others involved in the conspiracy, Petitioner's role was relatively minor and therefore declined to increase Petitioner's base offense level two levels.

On August 14, 2006 Petitioner filed a Motion to Vacate alleging that his trial attorney was ineffective for failing to advise him of the safety valve provision of 18 U.S.C. § 3553(f). Petitioner argued that he was not aware of the possibility of a reduction in his sentence based on the safety valve provision and that "[h]ad counsel properly advised Petitioner of the provisions of §2D1.(b)(6) and § 5C1.2[,] Petitioner would have met with the Government and/or agents and would have provided a full disclosure proffer[,] thus satisfying the statutory requirements." (Pet's Memo at 12.) Petitioner argued that except for counsel's performance "there is a reasonable probability that Petitioner would have been sentenced to a substantially lower sentence," namely, a two-level reduction form his guidelines sentencing range. (Id.)

By Order dated January 6, 2007 this Court granted Respondent's Motion to Dismiss and denied and dismissed Petitioner's Motion to Vacate. Petitioner now asks this Court to reconsider its Order arguing that while the sentence he received was in the range that he would have received had he had the benefit of the safety valve, he was still prejudiced because he received 78 months, the high end of a possible 63 to 78 month sentence. Additionally, Petitioner argues that this Court erroneously ruled that his acts at trial and sentencing show that he would not have been truthful as the safety valve requires.

## II. ANALYSIS

Rule 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment." Although Rule 59(e) does not provide any standard specifying when the grant of such a motion is appropriate, the Fourth Circuit has recognized three alternative grounds: (1) "'to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'"

Clapper v. Chesapeake Conference of Seventh-Day Adventists, 166 F.3d 1208 (4th Cir. 1998) (unpublished decision) quoting Pacific Ins. Co. V. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "The Rule 59 Motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Id., quoting 11 Wright, Miller and Kane, Federal Practice and Procedure § 2810.1 at 127-28 (2d ed. 1995).

None of these avenues of relief cited above is apposite here, since none arises naturally from the contentions made in Petitioner's motion. Petitioner has not cited an intervening change in the law, new evidence not previously available, or a clear error of law. Rather, by filing this motion, Petitioner essentially seeks to relitigate the claim raised in his Motion to Vacate filed pursuant to 28 U.S.C. § 2255, which, as stated above, this Court denied by Order dated January 6, 2007. Petitioner's motion is simply a restatement of his previous Motion to Vacate which included a claim attacking his sentence. This is generally not permitted and is considered to be a successive petition.

A successive petition is available only in limited circumstances and while Petitioner names his Motion a Rule 59(e) Motion to Alter or Amend, courts must not allow prisoners to circumvent these limited circumstances by attaching labels other than "successive application" to their pleadings. Calderon v. Thompson, 523 U.S. 538, 553 (1998). The Fourth Circuit has instructed that while there "may be no infallible test" for distinguishing between a proper motion to reconsider from a successive petition, "a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive petition.[5] New legal arguments

---

[5] The Court is aware that at least one circuit, has concluded that Rule 59 motions are not subject to the statutory limitations on successive collateral attacks on criminal judgments. Curry v. United States, 307 F.3d 664 (7th Cir. 2002). However, several other courts have reached the opposite conclusion. See United States v. Bovie, 28 Fed. Appx. 734 (10th Cir. 2001) ("We see no distinction between the Rule 60(b)(6) motions in those cases and the Rule 59(e) motion filed by

4

or proffers of additional evidence will generally indicate that the prisoner is not seeking the relief available pursuant to a motion for reconsideration, but instead, is continuing his collateral attack on his conviction or sentence. However, an example of a proper motion for reconsideration, in the habeas context, is an allegation that government agents perpetrated a fraud on the court during the collateral review proceedings. United States v. Winestock, 340 F.3d 200206 (4th Cir. 2003) (Petitioner's motion for reconsideration arguing that (1) the court erred in refusing to apply Apprendi retroactively, (2) his appellate lawyer provided ineffective assistance of counsel in failing to raise his Apprendi claims, and (3) his lawyer performed deficiently in failing to disclose that he had been imprisoned and disbarred, was a successive petition over which the district court had no jurisdiction).

Here, Petitioner is clearly continuing to attack his sentence and therefore, this Court will construe his motion as a successive petition. The Antiterrorism and Effective Death Penalty Act requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the District Court. Id. "Before a second or successive

---

Mr. Bovie here: for purposes of successive petition analysis); Peterson v. Brennan, 2004 WL 1505253, n. 9 (E.D. Pa. June 15, 2004) (noting that both Rule 59(e) and Rule 60(b) trigger the AEDPA limitation on successive petitioner); United States v. Culp, 2001 WL 789417 (D. Kan. May 3, 2001) (construing post-judgment Rule 59(e) motion as a second § 2255 petitioner under AEDPA); Bisaccia v. United States, 2000 WL 1677747 (E.D.N.Y. September 18, 2000) ("Rule 59 is no more available than Rule 60 as a vehicle for circumventing the statutory bar to successive § 2255 petitions"); Alley v. Bell, 101 F.Supp2d 588, 669 (W.D.Tenn. 2000) (where Rule 59(e) motion reiterates claims previously rejected, its character places it within the category of cases proscribed by successive petition doctrine); United States v. Anderson, 1998 WL 512991 (E.D.La. August 14, 1998) (construing Rule 59(e) motions as a second § 2255 petition.) Indeed, the Fourth Circuit seems to have rejected an across the board rule and instead requires courts to examine the substance of the particular motion to reconsider in order to determine whether it is actually equivalent to a successive petition. United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003) (holding that district court must examine motions to reconsider in collateral review cases to determine whether they are tantamount to successive application).

application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A). Thus, this Court may not consider the merits of Petitioner's claims in his motion to reconsider because he failed to first certify his motion with the Fourth Circuit Court of Appeals before filing it in the District Court.

## III. ORDER

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration is dismissed because it is a successive petition filed without authorization by the Fourth Circuit Court of Appeals.

**SO ORDERED**.

Signed: January 19, 2007

Frank D. Whitney
United States District Judge